# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 5, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2165**

Cir. Ct. No. **2016CV363**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

PETER DEMOPOULOS,

PLAINTIFF-APPELLANT,

V.

RIPON TRUCK REPAIR & EQUIPMENT LLC,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Ozaukee County: PAUL V. MALLOY, Judge. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Peter Demopoulos appeals from an order dismissing his case against Ripon Truck Repair & Equipment LLC following a bench trial. The issue is whether Ripon Truck breached the contract Demopoulos claimed they had for melding the parts of two large trucks to make one road-worthy vehicle suitable for his farm business. We agree with the trial court that the parties did not have a contract and that Demopoulos would be unjustly enriched if the court entered judgment in his favor. We affirm.

¶2      Demopoulos uses a large truck to haul grain to his several thousand head of cattle. Ripon Truck, in business for nearly three decades, both manufactures truck parts and maintains and repairs large trucks.

¶3      Demopoulos approached Ripon Truck about making repairs to a 2003 Mack Rolloff truck using parts from a similar 2001 one (the donor truck) to make a single working vehicle. Ripon Truck owner Kevin Lieske viewed the trucks at Demopoulos' farm. Based on his assessment and on information from Demopoulos, Lieske generated a $22,500 estimate. Demopoulos paid $5000 down.

¶4      Lieske testified that when he first viewed the trucks, they were "a mess" and had to be towed to his facility. He said he clearly told Demopoulos that the full extent of repairs could not be known until the 2003 truck was taken apart and, if necessary parts were not available from the donor truck, the cost would exceed the estimate. He also testified that, once work commenced, he spent twenty-five to thirty more hours determining which, if any, of the donor truck's parts were usable and that repair technicians discovered problems not initially identified. As it turned out, Ripon Truck had to acquire parts elsewhere to complete the job. Including a goodwill discount of $1750, the final cost was

2

$41,289.25. Demopoulos paid the balance due so he could retrieve his truck. He contended numerous parts failed shortly after taking possession of his truck, necessitating further expenditures with another business.

¶5      Two years later, Demopoulos filed suit against Ripon Truck and Lieske individually, alleging breach of contract, a violation of WIS. ADMIN. CODE § ATCP 132, fraudulent misrepresentation, and unjust enrichment. Ripon Truck moved for partial summary judgment. By stipulation of the parties, the court dismissed Demopoulos' ATCP claim and, with his agreement, all claims against Lieske. It also dismissed the fraud claim against Ripon Truck. Only the unjust enrichment and breach of contract claims were left for resolution at trial.

¶6      Trial was to the court. Lieske testified that he had kept Demopoulos informed and believed that Demopoulos had authorized all additional work. Demopoulos testified he understood the $22,500 to be a firm price and that he never was advised about overages or contacted for approval of them. After a two-day trial, the court dismissed Demopoulos' remaining claims and entered judgment in favor of Ripon Truck. Demopoulos appeals.

¶7      Demopoulos contends the court erred in dismissing his remaining claims following the court trial. When we review a challenge to the sufficiency of the evidence at a bench trial, we affirm unless the court's findings of fact are clearly erroneous. *See* WIS. STAT. § 805.17(2) (2017-18).[1] The trial court, not this court, determines witness credibility and resolves conflicts in the evidence. ***Global Steel Prods. Corp. v. Ecklund Carriers, Inc.***, 2002 WI App 91, ¶10, 253

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wis. 2d 588, 644 N.W.2d 269. We accept the reasonable inferences the trial court drew from the evidence and search the record for evidence that supports its findings. *Id.*

¶8 "In evaluating a breach of contract claim, a court must determine whether a valid contract exists, whether a party has violated its terms, and whether any such violation is material such that it has resulted in damages." *Steele v. Pacesetter Motor Cars, Inc.*, 2003 WI App 242, ¶10, 267 Wis. 2d 873, 672 N.W.2d 141.

¶9 "A contract must be definite and certain as to its basic terms and requirements to be enforceable." *Metropolitan Ventures, LLC v. GEA Assocs.*, 2006 WI 71, ¶22, 291 Wis. 2d 393, 717 N.W.2d 58. The definiteness requirement is relevant to contract formation and may be decided by the fact finder. *Management Comput. Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 178, 557 N.W.2d 67 (1996). "[M]utual assent is judged by an objective standard …." *Id.* at 178. The creation of an enforceable agreement is usually predicated on the language used in the contract and the expressed intentions of the parties. *See Shetney v. Shetney*, 49 Wis. 2d 26, 38-39, 181 N.W.2d 516 (1970) ("It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that is capable of understanding. It is not even enough that they have actually agreed, if their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are.").

¶10 The written estimate Lieske provided soon after the parties' initial discussion states "Estimate" at the top of the page in bold lettering in a font larger than other typeface on the page. Demopoulos nonetheless contends he "felt" the

terms of the "agreement" were certain and that the $22,500 to do the work "was a firm quote." Lieske testified that the sum was an estimate based on what he observed at the time of inspecting the two trucks and that the amount was subject to change if it turned out that parts from the donor vehicle were missing, inoperable, or did not fit. While the trial court initially said there was a contract, our review persuades us that it ultimately and expressly found that there was none, as it was not sure there was a meeting of the minds. We must agree, as we are hard-pressed to understand Demopoulos' position that a document so clearly denominated an "estimate" would be construed as a binding agreement.

¶11 Demopoulos also asserts that, part and parcel of the parties' agreement was that Ripon Truck would promptly contact him if the work would exceed the agreed-upon estimate and Ripon Truck failed to produce any evidence of a subsequent agreement to "modify the original contract." It was Demopoulos' burden to establish the existence of a contract in the first instance, however, *see* ***Household Utilities, Inc. v. Andrews Co.***, 71 Wis. 2d 17, 28, 236 N.W.2d 663 (1976); he proved only that he was given an estimate, meaning there was no contract to modify. We agree with the trial court that the estimate Lieske provided was a working document, not a binding contract.

¶12 Demopoulos next argues that Ripon Truck was unjustly enriched by the amount of the cost over the "contract" price, plus the costs he necessarily incurred for subsequent repair work. He correctly argues that unjust enrichment does not apply where the parties have entered into a contract. ***Continental Cas. Co. v. Wisconsin Patients Comp. Fund***, 164 Wis. 2d 110, 118, 473 N.W.2d 584 (Ct. App. 1991). Like the trial court, we have determined the parties did not enter into a contract. Further, although Demopoulos alleged unjust enrichment against

5

Ripon Truck, the trial court determined that it was *Demopoulos* who would be unjustly enriched if it were to rule in his favor. We agree.

¶13    An unjust enrichment claim requires proof of three elements: a benefit conferred; an appreciation of the benefit; and an acceptance and retention of the benefit under circumstances such that it would be inequitable to retain the benefit without payment. *Ludyjan v. Continental Cas. Co.*, 2008 WI App 41, ¶7, 308 Wis. 2d 398, 747 N.W.2d 745. It is an equitable doctrine, and the trial court's decision to grant or deny that remedy is reviewed for an erroneous exercise of discretion. *Id.*, ¶6. We will sustain a discretionary determination if the trial court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶14    The court found that Ripon Truck "did what they said they would do," which was to make the 2003 truck operable. To do so, it had to locate and replace missing, incompatible, or inoperable parts from the donor truck. As to the second prong, knowledge or appreciation of the benefit, based on its assessment of Demopoulos' not "passive" demeanor, the trial court found that Demopoulos would have spoken up more immediately about a bill that was half again for which he claimed to have contracted. As to the third prong—the inequity of retaining the benefit without payment—the trial court concluded that ruling in his favor would allow Demopoulos to retain benefits in excess of $40,000 in repairs for a payment of $22,500.[2]

---

[2] Lieske estimated that the refurbished 2003 truck could sell for $70,000 to $75,000. We also do not understand Demopoulos' argument that Ripon Truck was further unjustly enriched by later repairs another company did above and beyond the refurbishing job Ripon Truck did.

¶15    Demopoulos next alleges that the trial court erred in not finding that Ripon Truck violated WIS. STAT. § 100.195(2)(a) and (b), which prohibit a seller from billing a consumer either for consumer goods or services that the consumer did not agree to purchase or at a price higher than previously agreed upon. Demopoulos did not plead, brief, or argue this statute below, so the trial court did not err in not addressing it. *See McKee Family I, LLC v. City of Fitchburg*, 2017 WI 34, ¶32, 374 Wis. 2d 487, 893 N.W.2d 12. Beyond that, "consumer goods or services" are those "used or intended for use for personal, family, or household purposes." Sec. 100.195(1)(c). Demopoulos testified that he uses his truck solely for business purposes.

¶16    The trial court, acting as finder of fact, found Lieske to be the more credible witness and questioned Demopoulos' two-year wait to complain by filing a lawsuit. *See Global Steel*, 253 Wis. 2d 588, ¶10. Based on the court's findings and the document clearly denominated "estimate," we affirm.

        *By the Court.*—Order affirmed.

        This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.